ALBANY,
Oct. 1832.

Mills
v.
Hall.

Judgment for plaintiff on the demurrer.

---

## Mills vs. Hall & Richards.

The continuance of a *nuisance*, created by the overflowing of lands by means of a mill-dam, for 20 years and upwards, although it confers a right to the use of the land flowed, is no defence to a proceeding on the part of the public to *abate* it, or to an action by an individual for special peculiar injury sustained by him in consequence of it.

This was an action on the case, tried at the Essex circuit, in June, 1830, before the Hon. Esek Cowen, one of the circuit judges.

The action was for a nuisance created by the erection and maintenance of a dam across the outlet of Lake Paradox, corrupting the atmosphere and affecting the health of the plaintiff and his family. In 1825 or 1826, the defendants, or one of them, rebuilt the dam in question, on a spot where there had been a dam since 1806 or 1807 ; after the rebuilding of the

dam, the fever and ague was more common in that section of the country than it had been before ; whether attributable to the erection of the dam in question, or to dams erected on ponds, the waters of which empty into Lake Paradox, and bring down large quantities of saw dust, &c. was submitted to the jury. On the plaintiff's resting his cause, the defendants moved for a nonsuit, on the grounds, 1. That the dam having been continued at the same place for more than 20 years, the defendants were not subject to an action ; and 2. That if the maintenance of it was a nuisance, it was a public nuisance and not the cause of a private action. The judge refused to nonsuit the plaintiff, and after the testimony on both sides was closed, charged the jury that if they believed that the sickness of the plaintiff and his family was caused in *whole* or in *part*, by the continuance of the dam of the defendants, the plaintiff was entitled to their verdict. The jury found for the plaintiff with $70 damages. The defendants move for a new trial.

*M. T. Reynolds,* for the defendants.

*J. L. Viele,* for the plaintiff.

*By the Court,* SUTHERLAND, J. There is no such thing as a prescriptive right or any other right to maintain a public nuisance. Admitting that the defendants' dam has been erected and maintained more than 20 years, and that during the whole of that period it has rendered the adjacent country unhealthy, such length of time can be no defence to a proceeding on the part of the public to abate it, or to an action by any individual for the special and peculiar injury which he may have suffered from it. 8 *Cowen,* 152, 3. 4 *Wendell,* 9, 25. If the defendants have for 20 years been permitted to overflow the plaintiff's land with their mill pond, so far as the injury to the land is concerned, they have by that length of possession acquired a right to use it in that manner, and are not responsible in damages to the plaintiff. So a man may overflow his own land ; but if such overflow spread disease and death through the neighborhood, it may be abated, and he must re-

ALBANY,
Oct. 1832.

spond in damages for the special injury which any individual may have sustained from it ; and it would seem to be very absurd to contend that the defendants in a case like this would have greater rights or immunities. The motion for a nonsuit, therefore was properly overruled. Whether the sickness of the plaintiff and his family was produced by the defendants' dam or not, was fairly and properly left to the jury as a question of fact. That it had some share in producing it, the evidence, I think, leaves little doubt. But whether it was the means or principal cause, is, in my opinion upon the evidence detailed in the case, very questionable. The jury were the most competent judges upon this matter ; and the well established principles applicable to cases of this description will not authorize us to disturb their verdict.

Motion for new trial denied.