By the Court, Cowen, J.
The Harlaem river being navigable, Macomb and his assigns would, independently of the statute, have been guilty of a public nuisance in building the dam. The only effect of the statute was to vest a power in him and his assigns to build and maintain the dam in the manner prescribed by the legislature. It follows, that any excess or irregularity in the exercise of that power, by which the navigation became obstructed, was, pro tanto, a public nuisance. Were it not for the age of the dam and the imposition of a penalty by the third section of the act, it is not denied that such excess or irregularity might be corrected by abatement, subject to the limitations mentioned by the court below in their charge to the jury. I have looked into the cases cited for the plaintiff in error, and they give no countenance to the idea that, because a public nuisance may have been continued more than twenty years, the remedy by abatement is therefore gone. It is very well settled that lapse of time will not bar a prosecution for a public nuisance; (1 Russ, on Cr. 274, Am. ed. of 1836 ; Folkes v. Chad, 3 Doug. 340, 343 ;) and I am aware of no case denying that the remedy by abatement is in all respects concurrent with that by indictment. (Pee Coates v. New-York, 7 Cowen, 558, 604. Mills v. Hall, 9 Wend. 315.)
Nor does the imposition of a penalty by the statute take away the right of abatement. Nothing is better settled, as a *624 general rule, than that the addition of a penalty by statute, for a common law offence, is merely cumulative; and that without negative words, such statute detracts nothing from the remedies formerly allowed by law. (Dwar. on Stat. 678, 679.) The case of Commonwealth v. Chapin, (5 Pick. 199,) relied on for the plaintiff in error, went on peculiar grounds and has no application to the case before us. In The Commonwealth v. Ruggles, (10 Mass. Rep. 391—3,) though the statute declaring the offence to be a public nuisance, itself prescribed a summary remedy, yet Sewall, J. said this was merely cumulative, and that an indictment would lie notwithstanding. (Dwar. On Stat. 680, S. P.) Here it is not necessary to go so far in order to sustain the charge of"the court below.
Judgment affirmed, (a)

 See Wetmore v. Tracy, (14 Wend. 350.)