The Chancellor.
The Harlem river was an arm of the sea and a public navigable river; apd it.was a public nuisance to obstruct the navigation thereof without authority of law. The act of the legislature did not authorize the obstruction of the navigation of the river in the manner in which it was done by the dam in question. The length of time which this public nuisance had been continued did not legalize it; for every continuance of the obstruction was of itself an offence. (Mills v. Hall, 9 Wend. Rep. 315.) In the case of The King v. Montague, (4 Barn. & Cress. 598,) the question arose between a public road and a navigable passage; and as the public road had existed so long that it was impossible to show that the navigable stream existed at the time the public road was made, the court presumed that the right of navigation had been extinguished in favor of the conflicting public right of the road. But the decision of the court of king’s bench in the case of Folkes v. Chad, (3 Doug. Rep. 340,) shows that twenty years continuance of a nuisance is riot a bar to an indictment to abate it; and if so, any individual may abate it as a public nuisance.
Where a new offence is created, and a penalty is given for it, or a new right is given, and specific relief given for the violation of such right, the punishment or remedy is confined to that given by statute.(a) But giving a superadded penalty for the *577 erection or continuance of a nuisance does not prevent the common law right of the public to have it indicted and removed as a nuisance; nor does it prevent its being abated in the usual way by individuals, at the peril of showing that it was a nuisance, and that they did no unnecessary injury in removing it.
Here the questions of fact were all properly submitted to the jury, who have found for the defendant upon every point which was material to his defence.
I think the judgment should therefore be affirmed.
Senators Porter and Lott also delivered opinions in favor of affirming the judgment of the supreme court. And
On the question being put, “Shall this judgment be reversed?” all the members present who heard the argument, twenty-three in number, voted for affirming.
Judgment affirmed.

 See Stafford v. Ingersoll, (3 Hill, 38, 41, 2.)