# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF WORCESTER, SEPTEMBER TERM 1856, AT WORCESTER.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

### Commonwealth *vs.* Albert C. Upton.

Carrying on an offensive trade for twenty years in a place remote from buildings and public roads does not entitle the owner to continue it in the same place after houses have been built and roads laid out in the neighborhood, to the occupants of and travellers upon which it is a nuisance.

Indictment for a nuisance in the keeping of a slaughter-house in Fitchburg. Trial in the court of common pleas at October term 1852, before *Mellen*, J., to whose rulings the defendant, being found guilty, alleged exceptions, upon which the case was argued at the last term, and the substance of which is stated in the opinion.

40 *

*E. B. Stoddard,* for the defendant, cited *Rex* v. *Cross,* 2 Car, & P. 483; *Rex* v. *Watts,* Mood. & Malk. 281.

*P. E. Aldrich,* (District Attorney,) for the Commonwealth, cited 3 Archb. Crim. Pl. (Waterman's ed.) 609 *&* *notes* · 2 Kent Com. (6th ed.) 340 *&* *note; Commonwealth* v. *Van Sickle,* 1 Brightly, 69.

MERRICK, J. Several questions of law arose upon the trial of the indictment against the defendant, of which it is now necessary to consider only one, as the others, not having been discussed or adverted to in the argument presented in his behalf, are no longer relied on. It is not denied that the charge made against him was, independently of the matter insisted upon as a defence, satisfactorily established. The business which he pursued occasioned unwholesome smells, and infected the air, to the actual injury of persons dwelling, or passing along the public highway, near to the place where it was conducted. But it appears that when the slaughter-house was erected, and for a long time afterwards, there were no other buildings and no public way in its vicinity. At a later period, and before the time of the alleged commission of the offence complained of, dwelling-houses were built and occupied, and a common highway was duly located and established in that neighborhood. The defendant contends that, having carried on his business for more than twenty years before the existence of such way or dwelling-houses, he thereby acquired an absolute right to continue to prosecute it in the same place and in the same manner as before; and that no proceeding against him on the part of the public for doing so can be maintained to abate it as a nuisance. In opposition to this claim, the court advised the jury, at the trial, that the establishment and continuance of the business, under such circumstances and for such length of time, constituted no defence to the present indictment. This instruc tion appears to us to have been entirely correct.

Two or three cases, but all of them at *nisi prius,* have been referred to in support of the position taken by the defendant We do not find it sustained by any decision entitled to be considered as having the weight of a controlling authority. In *The*

*King* v. *Smith*, 4 Esp. R. 109, the prosecution failed because the court, upon the facts disclosed, could not believe that the defendant had any criminal intent. In the case of *Rex* v. *Neville*, Peake R. 91, none of the facts are reported, and the precise opinion of the court cannot therefore be known.

It derives more countenance from a case in which it is reported to have been said by Abbott, C. J. that if a noxious trade be already established in a place remote from habitations and public roads, and persons afterwards come and build houses, and a public road is made, near to it, the trade, though otherwise a nuisance, may be continued with impunity, because it was legal at its commencement. *Rex* v. *Cross*, 2 Car. & P. 484. If this opinion was in fact ever expressed by the chief justice, it was a mere *obiter dictum ;* it could not have been a deliberately formed opinion, for nothing of that kind was requisite to the decision of the question before the court, which related merely to the legal effect of a certificate or license, which had been set up in defence to the prosecution.

But with whatever degree of confidence such an opinion may have been expressed, it seems to be very clear that, upon well settled principles, it cannot be maintained. No person can lawfully exercise an absolute dominion over the land of which he is the owner. His use and enjoyment of it must have reference to the rights of others, and be subordinate to general laws, which are established for the benefit of all. Under the limitations to which he is thus subjected, it is certainly doubtful whether a proprietor can be justified in making such an appropriation of his estate as will debar others, or the public at large, from the lawful and proper enjoyment of contiguous territory. Without, however, relying upon this consideration, there are other conclusive objections to the proposition asserted as the ground of defence.

In the first place, the defendant did nothing to acquire the peculiar right upon which he insists. The right acquired by prescription must be by means of adverse and exclusive enjoyment. When the defendant erected his slaughter-house, and commenced the prosecution of his business, he did not interfere

with any one, or cause inconvenience either to individuals or the public at large. His acts in the conduct of his affairs were therefore strictly legal, because he made no encroachments upon or claim to estates bordering upon or adjacent to his own, and because, in the then condition of things, his business could have no tendency to affect the health of the community, or to render the enjoyment of life or property uncomfortable. As it was neither injurious nor unlawful in the particular manner and place in which it was prosecuted, it could not have been restrained by the public, nor effectually complained of by individuals as a nuisance. In this management of his property and conduct of his affairs, there was no adverse occupation or possession, to be defended by him or resisted by others. He could therefore gain nothing by prescription. His rights were neither enlarged nor diminished by lapse of time, while his occupation was thus lawfully pursued.

But even if the prosecution and continuance of his business for more than twenty years, before any buildings were erected or highways located in the neighborhood of his slaughter-house, could be regarded as the assertion and maintenance of a claim adverse to the law and the public right, it could so be considered only upon the ground that it was, during all that time, a nuisance subject to be suppressed and abated. And of this he could not avail himself in defence of the present indictment. For it is a positive rule of the law, as reasonable, as it is firmly established, that no length of time will legitimate a nuisance, or enable a party to prescribe for its continuance. Rosc. Crim. Ev. (2d ed.) 741. 1 Russell on Crimes, (7th Amer. ed.) 330. *People* v. *Cunningham*, 1 Denio, 536. The public health, the welfare and safety of the community, are matters of paramount importance, to which all the pursuits, occupations and employments of individuals, inconsistent with their preservation, must yield. It is therefore immaterial, so far as the government is concerned in the administration of the law for the general welfare, how long a noxious practice may have prevailed, or illegal acts been persisted in. Easements may be created in lands, and the rights of individuals may be wholly changed by adverse use and en-

joyment, if it is sufficiently protracted; but lapse of time does not equally affect the rights of the State. Thus it has been held that the continuance of a nuisance, caused by the overflowing of lands by means of a mill dam, for twenty years, although supposed to confer a right to the land flowed, is no defence to a proceeding on the part of the public to abate it, or even of an individual to whom it was the occasion of special and peculiar injury. *Mills* v. *Hall,* 9 Wend. 315.

For all these reasons, we think the ruling of the court below was correct; and the exceptions to it are therefore overruled.