### WANSER v. DE NYSE et al.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

PARTITION—SALE—TITLE.
>    The grantee of land conveyed to him by all the known heirs of the owner, together with the heirs of the grantee, were in possession of the land for over 42 years before it was sold at a partition sale. *Held*, that the title is not rendered unmarketable, so as to excuse the purchaser at the partition sale from completing his purchase, by the possibility that there is an insane unknown heir of the original owner, the presumption being in favor of sanity, nor by the possibility that there was an unknown infant heir, as that would not extend the time under the statute of limitations necessary to give a good title against the ancestor.

Appeal from Special Term, Kings County.

Action by Richard S. Wanser against John De Nyse and others. From an order requiring Franklin S. Holmes, the purchaser of premises at a partition sale, to complete his purchase, he appeals. Affirmed.

See 102 N. Y. Supp. 36.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

A. P. Bachman, for appellant.
Edmund C. Viemeister, for respondent.

GAYNOR, J. This partition action is by the heirs of Abraham Wanser. The land was conveyed to him in 1865 by the heirs of Francis Oliver who was never married, and died intestate seized thereof, as

is conceded.  It is also conceded that the said grantee Abraham Wanser. and his heirs have had adverse possession of the land ever since the said conveyance to him, and under it, i. e., for over 42 years. The only possible defect in the title suggested to us on the argument of the learned counsel for the purchaser at the partition sale is that some heir of Francis Oliver may not have joined in the said conveyance to Abraham Wanser (for there was difficulty in tracing and finding his heirs), and that the 20 years statute of limitations by adverse possession was and still is suspended against some infant or lunatic.  That is impossible in the case of an infant.  The right of action arose when Abraham Wanser took possession in 1865.  Assuming that there was any heir of the said Oliver then living who did not join in such conveyance, it matters not whether he was an adult or an infant, the time limited to begin an action has expired. Where the time limited begins to run against an adult, and then he dies and the land goes by descent or devise to an infant or insane person, the latter is limited to the time which was limited to his ancestor. The disability of the heir or devisee does not extend the time.  And if the cause of action accrues to an infant in the first instance, the extreme time of limitation (i. e., in the case of an infant just born) is 31 years; and the infant heirs or devisees of an infant are limited to the period limited to their infant ancestor or devisee.  Disability cannot be added to disability.  Messinger v. Foster, 115 App. Div. 689, 101 N. Y. Supp. 387.

This case therefore comes down to the very remote and improbable case of there being some heir of Francis Oliver who did not unite in the conveyance to Abraham Wanser, who was a lunatic when Wanser entered, and who is still alive, for the time limited is suspended during the period of disability.  Code Civ. Proc. § 375.  There is no reason to believe that there was such an insane heir—if indeed there is any to believe that all of the heirs did not convey.  The presumption is of sanity, and there is nothing to throw doubt upon it. The mere possibility to the contrary is not enough to make the title unmarketable.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.  All concur.