556 & 558 FIFTH AVE. CO. v. LOTUS CLUB.

(Supreme Court, Appellate Division, First Department. December 18, 1908.)

1. MUNICIPAL CORPORATIONS (§ 697*) — STREETS—BUILDINGS ENCROACHING ON STREET—RIGHTS AND REMEDIES.

The right to maintain a building encroaching on the public street can only be questioned by adjoining owners or by the public authorities.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 697.*]

2. MUNICIPAL CORPORATIONS (§ 671*)—PRESCRIPTION—BUILDING ENCROACHING ON STREET.

Where a building has openly and obviously encroached on a public street for over 20 years, the right by prescription may be obtained to maintain the building in that condition as against adjoining or adjacent owners by limitation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1447; Dec. Dig. § 671.*]

3. PLEADING (§ 129*)—FAILURE TO DENY ALLEGATIONS OF COMPLAINT.

Where there is no denial in a separate defense of any allegation of the complaint, the allegations stand admitted for the purpose of determining the sufficiency of the defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

4. VENDOR AND PURCHASER (§ 130*)—PERFORMANCE OF CONTRACT—MARKETABLE TITLE—ENCROACHMENTS.

A residence building in New York City had encroached openly seven inches on a public street for 38 years, the encroachment not extending above the basement and being readily removable without injury to the building and at nominal expense. No action had ever been instituted by the city to remove the alleged encroachment, and any such right has been at least suspended by Laws 1899, p. 1429, c. 646, amending Consolidation Act (Laws 1882, p. 125, c. 410) § 471, and providing that, if the front wall of any building in the county of New York should extend not more than ten inches upon a street, the wall should not be removable unless action be brought in behalf of the city within a year. Held, that the owner's title to the premises was marketable; it not appearing that adjacent owners having the right to object had licensed the encroachment, nor that there was infancy or incompetency on their part which would work an extension of 18 years in addition to the 20 years required to obtain a prescriptive right to maintain the encroachment, and in view of the fact that, because of the advance of business in the street, the building would probably be soon removed to utilize the site for a new one.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 130.*]

5. VENDOR AND PURCHASER (§ 63*)—CONSTRUCTION OF CONTRACT.

A contract to sell city lots subject to an encroachment, if any, not to exceed one inch on a street, related to an unlawful encroachment, which the public authorities could remove.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 63.*]

Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by the 556 & 558 Fifth Avenue Company against the Lotus Club. A demurrer to part of the answer was overruled, and plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Howard Taylor (J. Chas. Weschler, on the brief), for appellant.
David H. Taylor, for respondent.

LAUGHLIN, J.   This is an action by a vendee of real estate against a vendor to recover moneys paid, together with the cost and expense of examining the title, upon the ground that the title was unmarketable and that the building on the premises encroached on Fifth avenue to the extent of seven inches, and, in the event that the court should hold that the title was marketable and that there was not an illegal encroachment, for a specific performance of the contract.

On the 22d day of October, 1906 the defendant owned the premises known as Nos. 556 and 558 Fifth avenue, in the borough of Manhattan, New York, being 50 feet front by 100 feet in depth, and on that day it entered into a contract with one Neadle to sell and convey the same to him.   The sale was to be consummated on the 15th day of January, 1908.   Neadle, after paying $30,000 on the purchase price, pursuant to the provisions of the contract, assigned the contract to the plaintiff, with the consent and approval of the defendant.   Prior to the time for closing the sale the plaintiff made further payments on account of the purchase price, aggregating $35,000.   Plaintiff rejected the title on the ground that the front wall of the building on the premises encroached upon Fifth avenue, a public highway, to the extent of seven inches.   The agreement, after reciting that the defendant agreed to convey and Neadle agreed to purchase the premises, and describing them, contains the following provision:

"Subject to the party-wall agreements, if any, affecting said party walls, and also subject to variations or encroachments, if any, not to exceed two inches in the center lines of said party walls. or in the lines of adjoining independent walls, or in the fence lines.  Subject, also, to an encroachment, if any, not to exceed one inch on Fifth avenue.  Subject, also, to the encroachment of the stoop and area upon the land owned by the city of New York."

The defense to which the demurrer is interposed contains no denial, but alleges as follows:

"That the front wall of the premises referred to in the contract does not, and did not at any time, encroach upon Fifth avenue, as alleged in the ninth paragraph of the complaint; that below the first story of said building there is a basement front, or water table projection, not exceeding seven inches in thickness, attached to and forming part of said wall, and which projection defendant is informed and believes constitutes the supposed encroachment referred to in the complaint; that the same is not a necessary part of said front wall, but is easily removable without injury to the building at a merely nominal expense; that the same is customary in connection with high-stoop houses in the city of New York; that the same did not at any time, and does not, constitute an incumbrance against said premises, or affect the ability of the defendant to convey a good, marketable, and perfect title to the said premises, and said projection, or pretended encroachment, in no way excuses the plaintiff from the strict performance of the terms of the contract set forth in the complaint, as alleged in said paragraph; that the building now standing on said premises, including the front wall thereof, fronting upon Fifth avenue, and the said projection attached thereto and forming part thereof, was erected as the same now stands prior to the year 1870; that said building has ever since remained, as far as the said front wall upon Fifth avenue and the said projection are concerned, in its present state and position; and that no action or proceeding has ever been instituted by or in behalf of the city of New York, or by any of its several departments, for the removal of said wall, or of any

portion of said wall, or of said pretended encroachment, or any portion or portions thereof."

The only question arises with respect to the alleged encroachment on Fifth avenue. The right to maintain the building in its present condition, with respect to that alleged encroachment, could only be questioned by adjoining or adjacent owners or by the public authorities. There is no probability, and scarcely a possibility, that an adjoining or an adjacent owner could successfully invoke any remedy to disturb the maintenance of the building as it now stands by the ·purchaser. The alleged obstruction has existed for 38 years. It is not concealed, and is open and obvious. The defendant undoubtedly has obtained by prescription the right to maintain the building as it is, as against adjoining or adjacent owners. The right to maintain such a structure, even though it encroaches upon a public street, may be obtained by prescription as against other property owners on the street by 20 years of adverse user. Scallon v. Manhattan Ry. Co., 185 N. Y. 359, 78 N. E. 284; Hindley v. Manhattan Ry. Co., 185 N. Y. 335, 78 N. E. 276. The only theory on which it may be this prescriptive right has not been acquired would be that those having the right to object have licensed the structure. But such a license is not to be presumed, as it would be quite unusual and there is no probability thereof. Infancy or incompetency might extend the time; but there is no evidence of either infancy or incompetency on the part of any of the owners, and, if there were, it is difficult to conceive how that would work an extension of 18 years in addition to the 20 years. See Wanser v. De Nyse, 125 App. Div. 209, 109 N. Y. Supp. 310, affirmed 84 N. E. 1122.

Moreover, it is scarcely conceivable that the alleged encroachment, not extending above the basement, could materially interfere with or affect any right of an abutting or adjacent owner. It is not reasonable to infer that proof could be made that such a slight projection, not extending above the basement, would perceptibly affect the light, air, access, or view from other premises on the avenue. There being no denial in this separate defense of any allegation of the complaint, those allegations stand admitted for the purpose of determining the sufficiency of the defense. It must therefore be conceded that there is an encroachment of seven inches on Fifth avenue. It does not follow, however, that the encroachment is illegal, or that it relieves the purchaser from taking title. The facts set forth in the separate defense explain the encroachment referred to in the complaint, and we find there an allegation that this alleged encroachment is not an essential part of the front wall and that it may readily be removed without injury to the building and at nominal expense. We find, also, the important fact pleaded that this alleged encroachment is one that is customary in connection with similar houses in the city of New York, and that it does not constitute an incumbrance against the premises or affect the liability of the defendant to convey and give ·a marketable title. There is no specific allegation that it does not affect the market value; but that would seem to be the fair inference from the allegations contained in this separate defense, for, if it does not affect the

marketability of the title, it cannot in law affect the value of the property.

It further appears that no action or proceeding has ever been instituted by the city or any of its departments for the removal of the alleged encroachment. It now further appears that whatever right the city might have had to remove or cause this alleged encroachment to be removed has at least been suspended indefinitely by the provisions of chapter 646, p. 1429, of the Laws of 1899, which amends section 471 of the consolidation act (Laws 1882, p. 125, č. 410), so called, and provides that if the front wall of any building standing in the county of New York when the act took effect, which was on the 25th day of May, 1899, "shall extend not more than ten inches upon any street, avenue or public place, such wall shall not be removable, unless an action or proceeding shall be instituted by or in behalf of the city of New York within the period of one year from the passage of this act, for the removal of said wall," and notice of pendency be duly filed and indexed. The separate defense shows that no action or proceeding was instituted under this statute and that the time limited therefor has expired. Were it not for this statute, it may be that the city authorities could compel the removal of this alleged obstruction; but there can be little doubt that it was competent for the Legislature to deprive the city of the right to institute any action or proceeding to affect such an alleged encroachment. Although the Legislature might perhaps constitutionally repeal this act and restore the right of the city, it is not reasonable to suppose that it will do so; and, if it should, on the facts pleaded, the part of the wall, so far as it encroaches, could be removed without materially affecting the building. Moreover, in view of the rapid advances of business up the avenue and of the change of buildings in that locality from private houses to business structures, it is not probable that any owner will find it to his interest or advantage to use this dwelling house much longer, and, as is constantly occurring, it is reasonable to expect that it will soon be removed and the site utilized for a new building.

The specific agreement with respect to an encroachment on Fifth avenue, should be construed as relating to an unlawful encroachment, which the public authorities may remove.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs.

PATTERSON, P. J., and SCOTT, J., concur.

HOUGHTON, J. (dissenting). The fair interpretation of the allegations of the third defense is that the whole basement front of the building projects into the street seven inches. The statement that this is not a necessary part of the building and can be easily removed at a nominal expense is a mere conclusion of the pleader, not admitted by the demurrer and manifestly inaccurate, because its removal would necessitate shaving off the entire front wall from the water table to the foundation stone. The agreement of the parties that the encroachment on Fifth avenue should not exceed one inch ought to be given

effect, and an encroachment admittedly seven times as great as the parties agreed upon cannot be treated as immaterial.

I do not understand the right to maintain an encroachment in a street can be acquired by prescription, either as against the public or an adjacent owner. An encroachment upon a public highway is a public nuisance. A municipality cannot grant the right to maintain it. Ackerman v. True, 175 N. Y. 353, 67 N. E. 629. Nor can such a right, as against the public, be acquired by prescription. 21 Am. & Eng. Enc. 733. Title through prescription presupposes a grant. An abutting owner could not grant to another abutting owner the right to maintain an encroachment in the street. An abutting owner having no right to make such a grant, it cannot be presumed. The nuisance being a public one, no right by user can be acquired to maintain it. Mills v. Hall, 9 Wend. 315, 24 Am. Dec. 160.

The rule in the elevated railroad cases has no application. The elevated railroad companies were not trespassers in the highway, nor were the structures which they erected nuisances. They were in the street lawfully, and wrongfully appropriated the easements of light, air, and access of abutting owners, and had the right to condemn such easements or purchase them, and hence adverse user on its face could ripen into title. Bly v. Edison Electric Co., 172 N. Y. 1, 7, 64 N. E. 745, 58 L. R. A. 500. The Lotus Club building does not occupy the same legal position as the elevated railway, and cannot invoke title by prescription to maintain its nuisance upon the street as against adjacent and abutting owners.

I have very grave doubts respecting the constitutionality of chapter 646, p. 1429, of the Laws of 1899, which creates a short statute of limitations against the city for the removal of encroachments upon streets. But, whether it is effective against the city or not, abutting owners still retain their rights, as this court has recently held in Cross v. Ahearn, 124 App. Div. 840, 109 N. Y. Supp. 249, to demand the removal of encroachments.

To my mind the plea states no defense, and I think the interlocutory judgment should be reversed.

