HELEN V. CAREY, Appellant, *v.* MINOR C. KEITH, INC., et al., Respondents.

(Argued January 9, 1929; decided January 15, 1929.)

*Clarence G. Bachrach* for appellant. The franchise tax becomes a lien by force of the statute. (Cons. Laws, ch. 60, § 209, 211; *Engelhardt* v. *Alvino Realty Co., Inc.,* 248 N. Y. 374.) The lien of the franchise tax attaches at the beginning of the tax year. (*Engelhardt* v. *Alvino Realty Co., Inc.,* 248 N. Y. 374; *Midurban Realty Corp.* v. *F. Dee & L. Realty Corp.,* 247 N. Y. 307.) The franchise tax of Minor C. Keith, Inc., for the tax year beginning November 1, 1925, constituted an incumbrance upon the property in question not provided for in the contract of sale, and gave the plaintiff the right to reject title and to recover the amount paid on the purchase price with the incidental expenses. (*Midurban Realty Corp.* v. *F. Dee & L. Realty Corp.,* 247 N. Y. 307; *Rodgers* v. *Bertha Development Co., Inc.,* 242 N. Y. 503.) The plaintiff's rights were not impaired by the defendants' offer to deposit a sum of money. (*Fossume* v. *Requa,* 218 N. Y. 339; *Zorn* v. *McParland,* 11 Misc. Rep. 555; 155 N. Y. 684; *Berger* v. *Crist,* 121 App. Div. 483.)

*John Ingle, Jr.,* and *Thomas P. De Graffenried* for respondents. The plaintiff failed to prove any franchise tax was due or that any such tax for the year 1925 was ever assessable. (*Maser* v. *Cochrane,* 107 N. Y. 35; *Higgins* v. *Eagleton,* 155 N. Y. 466.) The objection of a possible franchise is a trivial one, and did not justify the arbitrary rejection of the title. (*Green* v. *Barrett Nephews,* 238 N. Y. 207; *Urbis Realty Co.* v. *Globe Realty Co.,* 201 App. Div. 533; *Zreber* v. *Smith,* 148 N. Y. 558; *H. & H. Corp.* v. *Broad Holding Corp.,* 204 App. Div. 569.)

CRANE, J.  The plaintiff sues to recover her purchase price together with cost of title search.  The contract of real estate purchase was executed December 11, 1925, title to be closed on June 10, 1926.  After five adjournments closing was fixed for August 3, 1926.  On that date title was rejected for various reasons, among them being the lien of the unpaid franchise tax for 1925.  The defendant, seller, is a foreign (Delaware) corporation. Pursuant to article IX-A of the Tax Law (Cons. Laws, ch. 60), every foreign corporation doing business in this State " shall annually pay in advance for the year beginning November first  *  *  *  an annual franchise tax, to be computed by the tax commission upon the basis of its entire net income  *  *  *  for its fiscal or the calendar year next preceding."

Every corporation shall annually on or before July first transmit to the Tax Commission a report in the form and manner specified in section 211 of the article. Section 214 states how the tax shall be computed.

The tax fixed and imposed shall be paid to the State Tax Commission on or before the first day of January of each year.  " Each such tax  *  *  *  shall be a lien and binding upon the real and personal property of the corporation liable to pay the same until the same is paid in full."   (Sec. 219-c.)

This vendor corporation made a return or report pursuant to section 211 on or before July 1, 1925.  No tax had been fixed or computed on the report but nevertheless a tax was due for the year beginning November 1, 1925, and was payable on or before January 1, 1926.  It was to be paid " in advance for the year beginning November first, 1925," and was made a lien until paid.

The tax became a lien, therefore, November first, 1925, although the amount was subject to future computation. This method of collecting a tax due the State is not unlike that provided for collecting the tax on transfers under article X of the Tax Law.  Section 222 provides

that unless otherwise provided such taxes shall be due and payable at the time of the transfer and section 224 makes them a lien upon the property transferred until paid. The lien attaches at the time of transfer which, if by will or intestate laws, is the date of the death of the person seized or possessed of the property. (*Midurban Realty Corporation* v. *F. D. & L. R. Corporation*, 247 N. Y. 307.) The amount of such a tax, however, cannot be ascertained until the estate is appraised and the rate and the amount determined as specified in the act.

We held in *Engelhardt* v. *Alvino Realty Company, Inc.* (248 N. Y. 374), decided after the trial of this case, that such taxes were a lien upon the corporate property although no reports had been made and no tax computed. The tax by law was to be paid as of a certain date and the property of the corporation was burdened with this charge, the exact amount of which might be subsequently fixed by the Tax Commission. It was the duty of the corporation to have it fixed and to make the payment. We said that the tax became a lien upon the real estate of the corporation upon the fifteenth day of January in each year. The statute applicable in that case read somewhat differently from the present section. The tax was to be a lien " from the time when it is payable," and it was payable on or before January fifteenth. The quoted words have been omitted from the present Tax Law, the wording being: " Each such tax * * * shall be a lien and binding upon the real and personal property of the corporation liable to pay the same until the same is paid in full." This conforms the language of section 219-c applicable to corporations to the wording of section 224 covering the lien of transfer taxes. Both provisions should, in consequence, have similar construction. The earliest date is chosen for the attachment of the lien, the date of death or transfer in the one case, and the first of November in the other.

When, therefore, on the third of August, 1926, the

defendants attempted to close title the property was incumbered by the franchise tax lien for the year 1925 which they had not paid. The amount could easily have been ascertained from the corporation's July report and the tax computed paid. They asked no adjournment of closing for this purpose but offered to make an allowance to cover the uncertainty. This was decidedly unsatisfactory to the purchaser. This property was acreage, available for development purposes in a rapidly growing suburban district. The purchaser could not very well divide the property and apportion the lien of the tax or make a money allowance out of his allowance to cover the amount which might finally be determined as the proper tax. This would be an added obstacle to small sales. Besides the duty of making certain the amount of the lien was on the defendants; not the purchaser — the latter was not obliged to assume any of the obligations under the Tax Law, even if she could have done so. The tax might have remained open for an indefinite period owing to disagreements or antagonisms between the corporation and the Commission. The law will not thus thrust trouble upon a person contracting for a clear title to real estate. It is difficult enough nowadays to pay one's own taxes without being compelled to ascertain the tax due by others.

The judgment of the Appellate Division and that of the Trial Term should be reversed and judgment directed in favor of the plaintiff for the sum demanded in the complaint, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.