## NATIONAL REGULATOR CO. v. ABCO BOILER CORPORATION.

District Court, S. D. New York.
Aug. 29, 1929.

In Equity. Creditors' bill to conserve the assets of the defendant, a corporation. Question arises upon exceptions to the report of Charles H. Strong, Esq., who, as special master, has concluded that Edward J. Gould and Joseph Spatt, jointly and severally, should pay to the receiver herein $13,967.65, with interest from January 24, 1927, as damages sustained and expenses incurred by reason of their rejection of the title to, and their refusal to pay the amount bid for, certain property sold at public auction pursuant to order of this court to Edward J. Gould, the highest bidder at said sale; it now appearing that Joseph Spatt was an undisclosed principal for whom Gould acted in purchasing the property.

Blackman, Pratt & Koehler, of New York City (Thomas H. Rothwell, of New York City, of counsel), for receiver.

Gould & Newman, of New York City (Julius F. Newman, of New York City, of counsel), for Edward Gould and Joseph Spatt.

THACHER, District Judge (after stating the facts as above).

■ The vendee's principal objection to the title tendered by the receiver was that the land was burdened with a lien for franchise taxes incurred by the Corrugated Rubber Company, a Delaware corporation, one of the vendor's predecessors in title. From the record title it appeared that this company, on April 12, 1922, acquired title to part of the land, a parcel of five acres which was then vacant, and parted with title thereto on October 10, 1922. There is no proof that this Delaware corporation was ever engaged in business in New York State, and no inference in that regard is to be drawn from the mere ownership of vacant land. If the corporation did not engage in business, it was not required to pay a franchise tax, and its property was not burdened with a lien therefor. People ex rel. Manila El. R. R. Co. v. Knapp, 229 N. Y. 502, 128 N. E. 892. The objection that the property was incumbered by any such lien was therefore based upon a mere speculative possibility. The alleged defect in title was not disclosed on the face of the record, and if existent was dependent upon extrinsic facts of which there was no showing when title was rejected, or in this proceeding. Under these circumstances, the vendee clearly was not justified in rejecting title. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966. The case of Carey v. Keith, Inc., 250 N. Y. 216, 164 N. E. 912, is not in point, because there the tax liability for which a lien attached to the land was established by the fact that the foreign corporation had itself filed the statutory report upon which the tax was to be assessed.

■ When title was rejected the vendee made no other objections which the vendor was not able and willing to promptly cure. Nor do I find any merit in any of the objections which have been raised since title was rejected. Accordingly, the exceptions to the master's report are overruled and the report is confirmed. The master's fee is fixed at $1,500. Costs, including stenographic charges in reporting the proceedings before the master, may be included in the decree to be entered. The decree for recovery of damages found to be recoverable by the special master may run jointly and severally against Edward J. Gould and Joseph Spatt, the latter having voluntarily appeared in this proceeding as the undisclosed principal for whom Gould, the nominal purchaser, was acting.