NATHANIEL CUTRIGHT SMITH, Plaintiff, *v.* MEADER PEN CORPORATION, Defendant.*

Supreme Court, Special Term, New York County, August 12, 1938.

*Mortimer M. Kassell* and *John A. Ross*, for the State Tax Commission.

*Kraushaar & Klapper*, for the receiver.

*Meyer Kraushaar*, receiver.

SCHMUCK, J. By this motion the State Tax Commission seeks an order directing the receiver of the judgment debtor appointed in proceedings supplementary to judgment to pay $1,250 franchise taxes regardless of the claim of the judgment creditor and all other creditors of the judgment debtor.

On this application the sole question to be determined is whether the State Tax Commission can compel a receiver in supplementary proceedings to accord priority to the claim for unpaid franchise taxes and be required to pay them even to the disadvantage of the judgment creditor for whose benefit he was appointed. A review and study of the law apparently leads to a negative answer. A receiver in supplementary proceedings stands in a position different from a receiver in equity or in bankruptcy. The receiver in supplementary proceedings practically is a collector for the judgment creditor, commanded to exercise his authority to secure the payment of the judgment. In supplementary proceedings the maxim

* Revd., 255 App. Div. 397.

*qui prior est tempore potior est jure* significantly applies. In such proceedings the right of priority of payment has no application. As is aptly suggested by the receiver herein, if the State wishes to enforce its unquestionable right of priority it should seek marshaling of the judgment debtor's assets by an action in equity or in bankruptcy. In the matter proposed by this motion the creditor is to be rewarded for his vigilance and in consequence has earned payment of his judgment, if such is possible. As long as the receiver in supplementary proceedings stands unchallenged and his title is not divested by proceedings in equity or bankruptcy, the State of New York is in no better situation than any other creditor who has permitted his right to lie dormant.

The court is unable to find anything in the Tax Law or in *Carey* v. *Keith, Inc.* (250 N. Y. 216); *New York Terminal Co.* v. *Gaus* (204 id. 512); *Marshall* v. *New York* (254 U. S. 380), justifying a different conclusion.

Motion denied. Order signed.