ANCEL REALTY CORP., Plaintiff, *v.* CAIN YOUNG, Defendant.

Supreme Court, Special Term, Kings County, January 24, 1949.

*Charles H. Sterenfeld* for plaintiff.

*Jacob Silberzweig* for defendant.

C. A. JOHNSON, J. This is an action for specific performance of a contract to purchase real property, brought by the seller against the purchaser. An action brought in the City Court by the purchaser against the seller for a recovery of the down payment and expense of the examination of title was heretofore consolidated with this action.

The parties entered into the contract on November 5, 1947. The closing of title was originally set for January 2, 1948. At the purchaser's request this was adjourned to February 2, 1948, by a stipulation declaring time to be of the essence with respect to the adjourned date. On February 2, 1948, the purchaser rejected the title for certain alleged defects which are now alleged as grounds for relieving him from the contract.

The court is satisfied that the encroachments of the water table, pilasters and door caps are not of the character or degree sufficient to justify a rejection of title by the purchaser, the premises having been built in 1894. (*Leerburger* v. *Watson,* 75 Misc. 3; *556 & 558 Fifth Avenue Co.* v. *Lotus Club,* 129 App. Div. 339.) The only other objection to the title was the non-payment of the State corporate franchise tax due in 1948. The purchaser urges, in reliance upon *Carey* v. *Keith, Inc.* (250 N. Y. 216) that this tax was a lien upon the date of closing, February 2, 1948, and that he was, therefore, within his rights in summarily rejecting title. *Carey* v. *Keith, Inc.* (*supra*) dealt with the franchise tax on foreign corporations. It appears

from the opinion that by the Tax Law then applicable, the tax was payable in advance for the year beginning November 1, 1925, based upon the corporate net income for the fiscal or calendar year next preceding; that the report upon which the tax was to be fixed was due on or before July 1, 1925, and was filed before that date, but no tax had been fixed or computed; that the tax was payable pursuant to law on or before January 1, 1926; and that the Tax Law further provided that such tax " shall be a lien and binding upon the real and personal property of the corporation liable to pay the same until the same is paid in full. * * * " (Tax Law, § 219-c, in effect as of August 3, 1926; L. 1925, ch. 321, § 2.) Under these circumstances the Court of Appeals held that the purchaser, at a closing of title set for August 3, 1926, would not be compelled to accept an allowance by the seller to cover possible tax to be thereafter computed.

In the court's opinion the facts in the instant case warrant a different construction of the provisions of the Tax Law applicable to the plaintiff corporation, which is a real estate corporation as defined by such law. The franchise tax is imposed by section 182 of the Tax Law, which provides for annual payment in advance for the year beginning January 1st of a tax to be computed upon the basis of the full value of the gross assets of the corporation employed or situate within the State during the preceding year. Such assets are to be valued as of the last day of the year. By subdivision 1 of section 192 of the Tax Law reports are required to be filed between January 1st and March 1st of each year of the condition of the corporation at the close of its business on December 31st preceding. By section 197 of the Tax Law it is provided that: " All taxes and fees imposed by this article which are payable to the tax commission shall be due and payable at the time of filing the report required by section one hundred ninety-two of this chapter, or, in case such report is not filed when due, on the last day specified for the filing thereof * * *. Each such tax or fee shall be a lien and binding upon the real and personal property of the corporation * * * liable to pay the same, until the same is paid in full. * * * "

If these sections are accorded the construction applied in the *Carey* case (*supra*), the franchise tax on real estate corporations would become a lien at a time at which it would be physically impossible to have made a report and at a time when the tax is not yet due and payable. In the present instance the original closing was set for January 2d. It was adjourned

by stipulation to February 2d. On that date, under the provisions of the Tax Law, the corporation still had a month to file its report and the tax became due and payable upon such filing, or if no report was filed, upon March 1st.

Were it necessary for a decision of this case, the court would feel justified in construing the present statute as effecting an attachment of the lien for franchise tax on the last day for the making of reports, namely, March 1st, or upon such earlier date as the report might actually be filed. However, the court does not deem that such determination is essential to its decision herein. Under the circumstances shown to exist the purchaser was not justified in a summary rejection of title and the seller was entitled to a reasonable adjournment to fix and pay the tax. (*Anglo American Advertising Co.* v. *Maxmillen Holding Corp.*, 251 N. Y. 514.)

Accordingly, there must be judgment for the seller, Ancel Realty Corp., for the relief demanded in its complaint and dismissing the purchaser's complaint in the City Court with costs. The seller should produce proof of payment of all franchise taxes including the 1949 franchise tax upon the settlement of judgment.

Proceed on notice.