OSSINING ASSOCIATES, INC., Appellant-Respondent, *v.* CITY OF NEW YORK, Respondent-Appellant.

First Department, December 11, 1958.

*Lehman, Goldmark & Rohrlich* by *Jerome L. Abrams* of counsel (*Arnold R. Krakower,* attorney), for appellant-respondent.

*Irving Genn* of counsel (*Harry E. O'Donnell* and *Benjamin Offner* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent-appellant.

*Per Curiam.* Both parties appeal from a judgment dismissing the complaint and counterclaim. The action was brought to recover $75,000 concededly paid by plaintiff's assignor to the city. The latter by its answer asserted a counterclaim alleging damage of $265,000 and seeking judgment for $190,000 after giving plaintiff credit for the sum of $75,000.

The differences of the parties arise from the sale by public auction by the city in 1950 of certain premises extending an entire block front on the easterly side of Park Avenue from East 39th Street to East 40th Street in Manhattan. Plaintiff's assignor was the successful bidder and paid to defendant $50,000 on account of the purchase price of $1,875,000. The closing date was fixed for April 24, 1950, and at that time the parties agreed to adjourn the closing for two months in consideration of the payment by the purchaser of an additional $25,000. The writing provided that all of the terms and conditions of the sale as set forth in the notice of sale and memorandum of sale were to remain the same.

The focal point of this litigation is the marketability of the title. The city agreed to convey title free and clear of liens and encumbrances. A survey made in March, 1950 disclosed

some 13 separate encroachments, including one of 6 feet of a bay window, which was part of a building situate on the 40th Street side of the demised premises. The purchaser and his assignees asked for further extensions of the closing date. Formal extensions were refused by the city and in November, 1951 the premises were resold for $1,610,000. Thereafter, this action was commenced to recover the payments made on account of the purchase price. The city counterclaimed for damages for the difference between the original sale price and the amount received upon the resale.

In our opinion the bay window encroachment of six feet rendered the title unmarketable. The city could subsequently have compelled the removal thereof (Administrative Code of City of New York, § 82d6–6.0). In *Dukas* v. *Tolmach* (2 A D 2d 57) this court considered a similar factual situation. It was said (p. 58): "The question posed therefore is whether under these facts (the so-called encroachments being clearly established by the evidence) defendants' title is marketable. We think it is not. A purchaser may not be compelled to accept a title which will subject him to a lawsuit or which will require him to expend substantial sums of money in order to comply with the law".

The city contends that inasmuch as only some 30% of the land area of the premises was improved with four brownstone buildings, any realistic use of the property by a purchaser would have entailed the demolition of the buildings, including the bay window, thereby rendering the encroachment academic. The short answer to this claim is that the city could have implemented such a contemplated use by so providing in its notice of sale. *556 & 558 Fifth Ave. Co.* v. *Lotus Club* (129 App. Div. 339) relied upon by defendant, is inapposite. There was proof in the instant case that certain basement lines of buildings upon the demised premises encroached seven inches on Park Avenue. The cited case and the statute discussed therein would have relevancy as to such an encroachment. It has no pertinency to an encumbrance consisting of a bay window projecting 6 feet over the line, which the city could subsequently compel an owner to remove. (Cf. *Dukas* v. *Tolmach*, 2 A D 2d 57, 59, *supra*.)

We find no waiver of this title defect as contended by the city (cf. 3 Corbin, Contracts, § 752). There is no proof upon which to base such a finding. The evidence is to the contrary. The only formal extension of the closing date provided that all the terms and conditions of the prior agreements should remain the same.

624

The judgment appealed from should be reversed upon the law and facts, with costs to plaintiff-appellant and judgment granted for plaintiff in the sum of $75,000.

RABIN J. P., McNALLY and BASTOW, JJ., concur; STEVENS, J., dissents and votes to affirm.

Judgment so far as appealed from reversed upon the law and upon the facts, with costs to plaintiff-appellant, and judgment is directed to be entered in favor of plaintiff in the sum of $75,000. Settle order.