Cooke, J.
(dissenting). The syllogism establishing that there should be an affirmance is uncomplicated.
After having agreed to purchase real property designated as 24 Heron Street in the City of Long Beach, plaintiffs engaged defendant to examine title and to issue its report of title and a title insurance policy. Title passed on November 9, 1970 and, on the next day, defendant issued its policy of title insurance under which defendant agreed to insure plaintiffs against "all loss and damage * * * which the insured shall sustain by reason of any defect or defects of title affecting the premises * * * or affecting the interest of the insured therein * * * or by reason of unmarketability of the title of the insured to or in the premises, or by reason of liens or incumbrances affecting title at the date hereof [November 10, 1970] * * * excepting all loss and damage by reason of the estates, interests, defects, objections, liens, incumbrances and other matters set forth in Sechedule B”. Under Schedule B there was no listing or mention of any special assessment resulting in the creation of a lien or incumbrance prior to the date of the policy.
Although, on the date of closing, the assessment rolls of the Treasurer of the City of Long Beach contained no entry referring to any special assessment affecting the subject premises, the city council had on July 6, 1965 enacted Ordinance No. 757 entitled "ORDINANCE FIXING SPECIAL ASSESSMENT AREA FOR THE PAYMENT OF COST OF CANAL BULKHEADING”. It was provided therein that the city shall levy a special assessment for 65% of the cost of improvement against the parcels benefited, within a described area, of which the subject premises concededly are a part. It was also provided: "Such special assessment shall constitute a lien against such lands in the full amount on December 1, 1965” and "This Ordinance shall take effect immediately.”
In those instances where a statute specifies a day as that from and after which an assessment shall be a lien, the time when the lien will attach to real property is determined according to the statutory terms (see Burr v Palmer, 53 App Div 358, 361-362 [citing Cooley on Taxation, pp 447, 448]; 5A Warren’s Weed New York Real Property, p 556; see, also, Getman v Niferopulos, 276 NY 161, 167; Carey v Minor C. Keith, Inc., 250 NY 216; Engelhardt v Alvino Realty Co., 248 *645 NY 374; Lyon v Alley, 130 US 177, 188). In Schwartz, Real Estate Manual, it is stated at page 131: "Inquiries should be made prior to entering into the contract as to whether any improvements have been made in the vicinity for which assessments are likely to be made thereafter. The date when an assessment becomes a lien may be fixed by the special act under which it is levied.”
The ordinance passed by the City of Long Beach pursuant to valid authority from the Legislature, as to which no question is raised,* was clothed with the same character and had the same effect, as it pertained to property within the city limits, as if enacted by the Legislature itself (People ex rel. Doyle v Atwell, 232 NY 96, 102; Crayton v Larabee, 220 NY 493, 501). Since the ordinance declared that the special assessment constituted a lien prior to the issuance of the policy, plaintiffs were entitled to the declaration, as granted by Trial Term, that prior to the date of plaintiffs’ taking title there was a lien against the insured premises created by City Council Ordinance No. 757 on July 6, 1965 and that defendant is obligated under its policy of insurance to satisfy said lien and assessment.
The failure of the city council to apportion the assessment on or before September 7, 1965, the date specified in the ordinance, did not affect the date when the assessment became a lien as fixed by the special act under which the lien was created. In any event, under section 118-K of the Long Beach City Charter (L 1933, ch 594, § 1), "[n]o tax, assessment or water rent shall be vacated, set aside, cancelled, annulled, reviewed or otherwise questioned or affected by reason of any error, omission, irregularity or defect, not actually fraudulent”.
The order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli and Wachtler concur with Judge Jones; Judge Cooke dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Fuchsberg concur.
Order reversed, with costs, and case remitted to Supreme *646 Court, New York County, for entry of judgment in accordance with the opinion herein.

 In Rachlin v City of Long Beach (Sup Ct, Nassau County, April 15, 1976, Pittoni, J.), where plaintiffs sought a declaration, among other things, that Ordinance No. 757 dated July 6, 1965 was null and void, the court observed that, “[w]ith regard to ordinance no. 757/65, plaintiffs offered no evidence of invalidity, and it appears to be a properly enacted ordinance,” and dismissed the complaints.