In the Matter of the Appplication of JOSEPH L. WEBER, Appellant, for an Order Canceling and Discharging of Record a Judgment.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

**Bankruptcy — judgment on forfeited bail bond may not be discharged of record under section 150 of Debtor and Creditor Law.**

A bankrupt is not entitled under section 150 of the Debtor and Creditor Law (Cons. Laws, ch. 12) to have a judgment recovered upon a forfeited bail bond discharged of record. (*Matter of Caponigri*, 193 Fed. Rep. 291, approved.)

*Matter of Weber*, 159 App. Div. 902, affirmed.

(Submitted June 1, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 14, 1913, which affirmed an order of Special Term denying an application for the cancellation and discharge of record of a judgment recovered against petitioner on a forfeited bail bond.

The facts, so far as material, are stated in the opinion.

*B. Gerson Oppenheim* for appellant. A debt due to a state as a judgment on a forfeited bail bond is released by a discharge in bankruptcy. (*McDonald* v. *Davis*, 105 N. Y. 508; *Roosevelt* v. *Mark*, 6 Johns. Ch. 266; *Rathbone* v. *Blackford*, 1 Caines, 588; *Smith* v. *Wheeler*, 55 App. Div. 170; *Matter of Brandreth*, 14 Hun, 585; *Matter of Alderson*, 98 Fed. Rep. 588; *Burnham* v. *Pidcock*, 58 App. Div. 273; *Matter of Blumberg*, 94 Fed. Rep. 476; *State* v. *Beck*, 93 N. E. Rep. 664.)

*Charles S. Whitman, District Attorney* (*Louis Fabricant* of counsel), for respondent. A debt due to a state is not released by a discharge in bankruptcy. (*U. S.* v. *Rob Roy*, 27 Fed. Cas. No. 16,179; *Herron Case*, 87 U. S. 251; *Smith* v. *Hodson*, 50 Wis. 279; *Matter of Baker*,

96 Fed. Rep. 954; *Matter of Colton*, 6 Fed. Cas. No. 3,269; *Spalding* v. *People*, 45 U. S. 21; *Comm.* v. *McMillen*, 1 Ky. L. R. 270; *Matter of Sutherland*, 23 Fed. Cas. No. 13,639; *Johnson* v. *Auditor*, 78 Ky. 282; *State* v. *Camden Co.*, 51 N. J. L. 424.) A debt due to a state as " a forfeiture or penalty " is not released by a discharge in bankruptcy. (30 U. S. Stat. at Large, 560, § 57; *Matter of Caponigri*, 193 Fed. Rep. 291; *Comm.* v. *McMillan*, 1 Ky. L. R. 270; *Johnson* v. *Auditor*, 78 Ky. 282; *People* v. *Fitzgerald*, 180 N. Y. 269.)

MILLER, J. The motion to cancel and discharge the judgment of record was made pursuant to section 1268 of the Code of Civil Procedure on the ground of the appellant's discharge in bankruptcy of his provable debts. It is earnestly argued that a debt due to a state is not released by a discharge in bankruptcy for the reason that general words of a statute will not derogate from the rights and privileges of the sovereignty. We do not now decide whether that rule of construction applies to a Federal statute in its bearing on the rights of states. Nor do we decide whether the express exception of claims of a state for taxes excludes others from the exception under the rule *expressio unius est exclusio alterius*, because we are of the opinion that an obligation on a forfeited bail bond is within the meaning of section 57j of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 344), which provides *inter alia* that a debt owing to a state " as a penalty or forfeiture shall not be allowed except for the pecuniary loss sustained by the act, transaction or proceeding out of which the penalty or forfeiture arose." Upon that point we agree with the reasoning of Judge HAND in *Matter of Caponigri* (193 Fed. Rep. 291). Certainly, the bail bond was not given to indemnify the state against pecuniary loss but to insure the appearance of the accused, and, although the obligation arising upon it may not be within the strict

letter of the provision above quoted, it is plainly within its spirit and purpose. It could not have been intended by the Bankruptcy Act that a bankrupt should be discharged of the payment of a debt which was not allowable. Hence, the appellant was not entitled under section 150 of the Debtor and Creditor Law to have the judgment recovered upon that debt discharged of record.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, HOGAN and CARDOZO, JJ., concur.

Order affirmed.