### BATES v. ARCHER, State Treasurer of Ohio.

#### In re PORTAGE RUBBER CO.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1923.)

#### No. 3778.

Bankruptcy ⬤⟹314(6)—Corporation subject to annual franchise tax, though not collectible at time of adjudication.

The annual franchise tax imposed on corporations, and made a first lien on their property by Gen. Code Ohio, § 5506, as amended by Act March 29, 1921 (109 Ohio Laws, p. 94), is a tax legally due and owing, under Bankruptcy Act, § 64a (Comp. St. § 9648), from a bankrupt corporation which exercised its corporate franchise in any part of the tax year, though the amount of the tax was not ascertained and charged until after the adjudication.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

In the matter of the Portage Rubber Company, bankrupt. George D. Bates, trustee, appeals from an order allowing the claim of

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Rudolph W. Archer, Treasurer of the State of Ohio, for franchise tax. Affirmed.

W. E. Young, of Akron, Ohio, for appellant.

Charles G. Williams, of Columbus, Ohio (John G. Price, Atty. Gen., and John M. Parks, of Ashtabula, Ohio, on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 31st day of May, 1921, an involuntary petition in bankruptcy was filed against the Portage Rubber Company, an Ohio corporation, and on June 21, 1921, this corporation was adjudged a bankrupt. The referee in bankruptcy disallowed a claim filed by the treasurer of the state of Ohio for the corporation franchise fee for the year 1921, amounting to $6,654.67 with penalties in the sum of $998.20. Upon a petition to review, the District Court reversed the order of the referee, and allowed the full amount of the claim, with interest from October 1, 1921, but without penalty, as a first and best lien on the property of the bankrupt.

It is claimed on behalf of the trustee that this franchise tax was not a tax legally due and owing by the bankrupt to the state of Ohio, within the meaning of section 64a of the Bankruptcy Act (Comp. St. § 9648). The statutes of Ohio require every Ohio corporation to file with the tax commission during the month of May of each year a report containing, among other things, the amount of authorized capital stock and the par value of each share, the amount of capital stock subscribed, the amount of capital stock issued and outstanding and the amount of capital stock paid up. If the commission find this report correct, it shall on the first Monday of July determine the amount of the subscribed or issued and outstanding stock and certify the amount so determined by it to the auditor of state, on the first Monday in August. The auditor of state shall charge for collection on or before August 15th a corporation fee of three-twentieths of 1 per cent. upon its subscribed or issued and outstanding capital stock. Such fee shall be payable to the treasurer of state on or before the 1st day of the following October.

The statute makes this franchise fee the first and best lien on all the property of a corporation, and by the terms of section 5506 of the General Code, as amended March 29, 1921 (109 Ohio Laws, p. 94), this lien attaches "annually on the last day of the month fixed for the filing of its report with the tax commission of Ohio." The fact that the amount of the fee is not ascertained and charged by the auditor of state for collection until after the first Monday in August and before the 15th of August is of no importance. The tax when determined relates back to the date at which the tax became a lien. State ex rel. v. Roose, 90 Ohio St. 345, 352, 107 N. E. 760.

It is insisted, however, that section 5506, General Code, as amended March 29, 1921, is not a law providing for a tax levy, and therefore under the Ohio Constitution it did not go into effect until 90 days after it was approved by the Governor and filed with the secretary

of state. For the purposes of this case it is wholly unnecessary to consider or determine that question. The original section, before it was amended, provided that this franchise tax should be a lien upon all this company's property, but it did not fix the date when such lien would attach. It was held by this court, prior to the amendment of section 5506 of the General Code, in Ohio v. Harris, Ohio v. Clum, and Ohio v. Ferris, 229 Fed. 892, 144 C. C. A. 174, that this corporation franchise tax for the current year, imposed by the Ohio statute, is a tax legally due and owing, within the meaning of section 64a of the National Bankruptcy Act, although not collectible until after the adjudication in bankruptcy. It is claimed, however, that in the Harris Case and in the Clum Case, above cited, there was no adjudication of bankruptcy until November, and that in the Ferris Case, supra, the receiver was appointed in November, after taxes for that year had accrued. The court, however, did not rest its judgment upon the fact that the tax had already been ascertained and charged by the auditor of the state, but rather upon the proposition that the tax had attached for the current year while the corporation was doing business in that year, in the exercise of its corporate franchise.

The laws of the state of New Jersey, imposing a corporation franchise tax and providing the method of ascertaining and collecting the same, are very similar to the Ohio statutes. In the case of New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, the corporation was adjudged a bankrupt on the 23d day of April, 1903. On June 1, 1903, there was assessed against the company for the year 1903 a franchise tax of $2,500, in accordance with the return of the company filed May 1, 1903. It was insisted that this tax for 1903 had not accrued at the time of the adjudication in bankruptcy, April 23, 1903, and for that reason it was not a tax legally due and owing to the state by the bankrupt, within the meaning of section 64a of the Bankruptcy Act. The Supreme Court of the United States, in disposing of that question, in the case above cited, said:

"The Bankruptcy Act requires the payment of all taxes legally due and owing. We think the tax thus assessed upon that basis was legally due and owing, although not collectable until after the adjudication."

The corporation franchise tax imposed by the Ohio statute is an annual tax for the right and privilege of exercising a corporate franchise within the state for the current year for which such tax is imposed. The taxing period is the year, and not any part thereof. The tax is not severable, but is levied as a unit, regardless of the possibility that the franchise may be exercised for only a portion of the year. Whether this current tax year is for the calendar year, or for the year commencing on the 1st day of the month on which the report is required to be filed, is wholly unimportant in this case. In either event, the tax attached while the corporation was exercising its corporate franchise.

The question as to when this current tax year begins being one primarily for the Supreme Court of Ohio, and wholly unnecessary to the disposition of this case, this court expresses no opinion in refer-

ence thereto. This corporation became liable for the payment of this franchise tax when it exercised its corporate franchise in any part of the tax year, although the amount of that tax was not ascertained and charged by the auditor of state until after the corporation was adjudged bankrupt.

For the reasons stated, the judgment of the District Court is affirmed.