## KENNISON v. KANZLER.

(Circuit Court of Appeals, Sixth Circuit. March 13, 1925.)

No. 4200.

1. Receivers ⬡152—Award under Ohio Compensation Act preferred claim against receiver.

Under Ohio Workmen's Compensation Act (Gen. Code Ohio, §§ 1465—74, 1465—77), providing that award made to injured employé, whose employer has failed to comply with the act, shall constitute a liquidated claim for damages against such employer, which may be recovered in an action, and that the judgment rendered therein "shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law on judgments rendered for claims for taxes," and the statutes providing for collection of taxes such an award is entitled to priority over the general debts of the employer in receivership proceedings.

2. Receivers ⬡76—Receivership does not affect equities of creditors.

A receiver takes the property which goes into his hands in the same plight and condition, and subject to the same rights, equities, and liens, as it stood in the hands of the person or corporation out of whose possession it is taken.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit against the Clay Products Manufacturing Company, in which Frank P. Kennison was appointed receiver. On intervening petition of Thomas Kanzler. From an order giving the claim of intervener priority over general debts, the receiver appeals. Affirmed.

Ritter & Schminck, of Toledo, Ohio, for appellant.

David Rubin and Payer, Winch, Minshall & Karch, all of Cleveland, Ohio, for appellee.

Before DENISON and MACK, Circuit Judges, and ROSS, District Judge.

ROSS, District Judge. The established facts in this suit are that, on the 7th day of October, 1920, Thomas Kanzler was employed by the Clay Products Manufacturing Company, and as such employé was injured on said date. On the 17th of December, 1920, a receiver was appointed for the Clay Products Manufacturing Company in the District Court in equity and took charge of the assets of the company. Application was made by Kanzler for compensation under the provisions of the Workmen's Compensation Act of the state of Ohio (Gen. Code, §§ 1465—37 to 1465—108), and the compensation was allowed and paid by the state at a weekly rate to him as an employé of said company, until May, 1921, when the payments were discontinued because the company either had not kept up its premium payments to the state insurance fund, as required by the law, or had not included Kanzler as one of the employés on the particular work at which he was engaged at the time of the injury. On June 9, 1921, Kanzler filed an application under section 27 of the act (G. C. Ohio, 1465—74), whereby an award was sought against the company as an employer who had failed to comply with the provisions of the act. On June 10, 1922, Kanzler was awarded the sum of $1,729.29, and on January 16, 1922, he filed proof of debt with the receiver, basing the same on the award. This claim was rejected by the receiver. On July 15, 1922, Kanzler filed an intervening petition in the matter pending in the District Court, which petition was filed against the Clay Products Manufacturing Company and the receiver. Upon consideration of the entire matter, a broad reference was had to a special master, to take proof and report to the court, "with his con-

clusions on the law and facts involved in the issues."

The master allowed the claim of Kanzler as a general claim, but denied it priority, and disallowed any interest thereon. Kanzler excepted to the report of the master in denying priority to his claim, and in disallowing interest thereon, which exceptions were sustained by the lower court, and to which action the receiver has filed four assignments of error, which may be embraced under two heads: (1) That the court erred in allowing the claim of Kanzler preference over the general debts of the defendant corporation; and (2) in allowing interest on the claim from January 10, 1922.

We are of opinion the assignments are without merit. Section 27 of the Ohio Workmen's Compensation Act (G. C. Ohio, § 1465—74), provides in substance that an employé whose employer has failed to comply with the provisions of section 22 of the act (G. C. Ohio, § 1465—69), when injured in the course of his employment, may file his application with the state liability board of awards for compensation in accordance with the terms of the act; that the application shall be heard and determined by the board as other claims, and the amount of the compensation which may be ascertained to be due such injured employé shall be paid by the employer to the person entitled thereto within 10 days after receipt of notice of the amount determined by the board to be due, and that, in the event of the failure, neglect, or refusal of the employer to pay such compensation within the period of 10 days, "the same shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed by the board, which, with an added penalty of 50 per centum, may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same."

Section 30 of the act (G. C. Ohio, § 1465—77), provides:

"All judgments obtained in any action prosecuted by the board or by the state under the authority of this act shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law on judgments rendered for claims for taxes."

It appears that the provision in section 30, giving the holder of a judgment under the provisions of the Ohio Workmen's Compensation Act the same rights to a preference as are provided by the law for judgments "rendered for claims for taxes" relieves this case of any doubt. The right to

taxes in Ohio is fixed by statutes and determined by decisions. Section 5671, G. C. Ohio, provides that all personal property subject to taxation may be seized and sold for taxes, and that the personal property of a deceased person may be reached in the hands of his executor or administrator. Section 5692, Id., provides that, when real estate may be sold at judicial sale, or by administrators, executors, guardians, or trustees, the taxes and penalties thereon against such real estate shall be paid out of the proceeds of the sale. Section 2670, Id., provides that from the proceeds of the sale of property for taxes there shall first be paid the judgment for taxes and assessments, and any balance shall be distributed as provided by law, and that the owner shall not be entitled to any exemptions against such judgment nor shall any statute of limitations apply to such action.

Under section 11138, Id., "taxes of every description assessed against the assignor upon personal property held by him before his assignment must be paid by the assignee or trustee out of the * * * property assigned in preference to any other claims against the assignor." Construing section 2660, G. C. Ohio, which provides in substance that upon failure of the treasurer to collect taxes by distress assessed against a person, corporation, receiver, etc., he may apply to the clerk of the court of common pleas who shall cause notice to be served upon such receiver, etc., to show cause why he should not pay such taxes and that upon failure to show cause the court shall enter a rule against him for payment, "which rule shall have the same force and effect as a judgment at law and shall be enforced by attachment or execution or such process as the court directs," in the case of Treasurer of Athens County v. Dale, Receiver, 60 Ohio St. 180, at page 186, 53 N. E. 958, 960, it was said:

"The right of the state to the receipt of its taxes is paramount to that of all others. * * * It is the duty of the receiver of the property of a railroad to pay all taxes levied upon it, as much as to purchase and pay for ties or anything else needed in its operation. He has the right to take credit for their payment in his account, and no creditor can complain."

See, also, Hamilton v. David C. Beggs Co. (C. C.) 171 F. 157; In re Laird, 109 F. 550, 48 C. C. A. 538.

It is well settled that a preference or priority given for taxes will be enforced in the federal courts. Bates v. Archer (C. C. A.)

288 F. 182; Marshall, Receiver, etc., v. New York, 254 U. S. 380, 41 S. Ct. 143, 65 L. Ed. 315. Since a valid claim for taxes under the Ohio Statutes constitutes a prior lien upon assets as against general debts which will be recognized in federal courts, as well as in the state courts, and since under the provisions of section 30 of the Workmen's Compensation Act, above quoted, the same preference against the assets of an employer is allowed one in whose behalf a judgment has been obtained under the act "as is or may hereafter be allowed by law on judgments rendered for claims for taxes," it would seem to necessarily follow that such a judgment will be recognized as a preferential claim in a matter of this kind.

[2] The fact that a receiver was appointed to take charge of the property of the corporation cannot affect the rights of Kanzler, though that receivership occurred subsequent to Kanzler's injury. The rights of the parties were neither changed nor affected by the receivership. The rule is that a receiver takes the property which goes into his hands in the same plight and condition and subject to the same rights, equities and liens as it stood in the hands of the person or corporation out of whose possession it is taken. Fourth Nat. Bank v. Yardley, 165 U. S. 634, 17 S. Ct. 439, 41 L. Ed. 855; Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Kneeland v. American, etc., Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Emerson v. Castor, 236 F. 29, 149 C. C. A. 330. A receiver can acquire no higher right than the debtor had in the property Fourth Nat. Bank v. Yardley, supra; Tilford v. Atl. Machine Co. (C. C.) 134 F. 924. He is merely an officer of the court appointing him (Milwaukee & M. R. Co. v. Soutter, 2 Wall. 510, 17 L. Ed. 860; Wilder v. New Orleans (C. C.) 87 F. 843; Standard Oil Co. v. Hawkins, 74 F. 395, 20 C. C. A. 468, 33 L. R. A. 739; Hamilton v. David C. Beggs Co., supra), and simply stands in the shoes of the debtor whose property he holds so far as any rights which may have attached to the property are concerned (Devendorf v. Beardsley, 23 Barb. [N. Y.] 656; Weill v. Zacher, 92 Ill. App. 296), and as said in the case of Marshall v. New York, supra, at pages 384 and 385 (41 S. Ct. 145):

"Whether the priority enjoyed by the state of New York is a prerogative right or merely a rule of administration is a matter of local law. Being such, the decisions of the highest court of the state as to the existence of the right and its incidents, will be accepted by this court as conclusive. Compare Lewis v. Monson, 151 U. S. 545, 549; St. Anthony Falls Water Power Co. v. St. Paul Water Commissioners, 168 U. S. 349, 358; Archer v. Greenville Gravel Co., 233 U. S. 60, 68, 69; Guffey v. Smith, 237 U. S. 101, 113. The priority of the state extends to all property of the debtor within its borders, whether the debtor be a resident or a nonresident and whether the property be in his possession or in custodia legis. The priority is therefore enforceable against the property in the hands of a receiver appointed by a federal court within the state. Duryea v. American Woodworking Machine Co., 133 F. 329; Conklin v. United States Shipbuilding Co., 148 F. 129, 130. Compare Franklin Trust Co. v. New Jersey, 181 F. 769; Washington-Alaska Bank v. Dexter Horton Nat. Bank, 263 F. 304. For a receiver appointed by a federal court takes property subject to all liens, priorities or privileges existing or accruing under the laws of the state. * * * *"

But for the receivership there is no question but that Kanzler would have been entitled to recover against the corporation. His right to compensation became a right subject to be enforced from the moment of his injury. The receivership did not affect that right nor in any way militate against its enforcement. Therefore the assignments of error are disallowed, and the judgment of the lower court affirmed.

The question whether Kanzler's claim would have priority over the existing real estate mortgage was expressly reserved by the trial court, and nothing said herein is intended to determine that question.