## GREENEBAUM v. GENERAL FORBES HOTEL CO. et al.
### No. 2392.

District Court, W. D. Pennsylvania.
February 15, 1930.

Poppenhusen, Johnston, Thompson & Cole, of Chicago, Ill., and Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for trustee.

Watson & Freeman, of Pittsburgh, Pa., for receiver.

Rose & Eichenauer, of Pittsburgh, Pa., for Colonial Trust Co.

THOMSON, District Judge.

The question before the court is whether the trustee, under the first mortgage of the General Forbes Hotel Company, or the receiver of that company, appointed by this court, is entitled to possession of an insurance policy for $250,000, issued on the life of one Klooz, president of the hotel company.

To determine this question of law, it is necessary that a statement of the facts be made.

On July 1, 1926, the hotel company issued a first mortgage to M. Ernest Greenebaum, Jr., trustee under the mortgage, to secure an issue of $3,600,000 of bonds. The mortgage conveyance to the trustee was on certain hotel property in the city of Pittsburgh, in trust, for the purpose of securing payment of the bond issue. The lien of the mortgage was confined to the lands and premises described therein, with the rights and appurtenances thereto belonging, and all buildings and improvements erected thereon, and certain described equipment, which may be designated as fixtures, together with the rents, issues, and profits thereafter accruing from the premises. The said rents, issues, and profits were specifically assigned to the trustee, subject to the right of the mortgagor to collect the same until default is made on the mortgage. The furniture and furnishings in the hotel building were not embraced in the mortgage, but a provision was inserted that for the purpose of further securing the bonds, the mortgagor will execute and deliver to the trustee a bill of sale for said personal property.

As an additional security for the payment of said bonds, the mortgage provided that until the same had been fully paid, the mortgagor shall cause the life of the said Klooz, manager of the hotel business, to be and remain insured in the sum of $250,000, the policy or policies being made payable to the mortgagor, as beneficiary, without the right of the insured to change said beneficiary, and shall then be forthwith assigned and delivered to said trustee, the mortgagor being required to pay all premiums, as they fall due, in order to keep such insurance in full force and effect. After other conditions relating to such insurance, not material here, it is provided that in the event that, prior to the death of Klooz, any default or breach of the mortgage is made, the trustee may, in his discretion, surrender the insurance policies for cash to the companies issuing the same, or he may borrow the loan value, or any part thereof, and if he does so, he shall apply the proceeds of such surrender or loan, in the same manner as if the proceeds were collected by virtue of the death of the insured.

The aforesaid policy was taken out and duly assigned to the trustee in accordance with the provisions of the mortgage.

Default having been made in the payment of principal and interest on the bonds, the said Greenebaum, a citizen of the state of Illinois, as trustee, filed in this court his bill of complaint against the hotel company. The Colonial Trust Company, trustee under a certain mortgage of the hotel company, and Gimbel Brothers, Inc., mortgagee, in a third mortgage of the hotel company, were joined as parties defendant. The bill was filed by the plaintiff for the purpose of foreclosing the lien of his mortgage covering the real estate and property described in the mortgage conveyance. This proceeding was authorized by a provision of the mortgage that where default occurred, the trustee might, in his discretion, or upon the written request of the holders of 2 per cent. of the bonds outstanding, proceed in law or equity, for the performance of any covenant in the mortgage, or for the foreclosure of the lien thereof. The mortgage also authorized the court, on the commencement of any such legal proceeding, as a matter of strict right, without notice to the hotel company, or any one holding under it, to appoint a receiver of the mortgaged premises, and of the rents, issues, and profits thereof, without regard to the solvency or insolvency of the hotel company; the receiver to have full charge, care, and management of the mortgaged premises.

The bill prayed, inter alia, that the plaintiff's mortgage be decreed a first lien on the premises, including the rents, issues, and profits; that the mortgaged premises be sold under the decree of the court; that a receiver be appointed for the mortgaged premises, including the rents, issues, and profits thereof; and that the same be segregated and sequestered for the benefit of the trustee and the holders of the bonds, subject only to the usual expenses incurred in the operation and preservation of the mortgaged premises.

The decree of the court was in strict harmony with the bill and the prayers for relief. A receiver was appointed for the premises and property described in the bill and in the mortgage, as well as for the rents, issues, and profits of and from the premises. The defendant and all persons claiming under it were enjoined from in any manner interfering with the possession of the property, or from collecting any of the rents, issues, or profits thereof. These rents, issues, and profits were directed to be segregated and sequestered by the receiver for the benefit of the plaintiff and the holders of the bonds. The decree also required the receiver to make certain reports touching the property and leases thereon.

In this situation, the Commonwealth Trust Company, receiver, petitioned the court, setting forth, in a general way, the foregoing facts. The petition alleged that the cash surrender value of the policy, including an accruing dividend, is $31,095. It also set forth the amount of the annual premium and other facts bearing on the extension or surrender of the policy. The petition alleged that the policy, under the court's decree, passed to and became the property of the receiver. It further alleges that it is very doubtful whether the other assets of the hotel company are sufficient to pay the amount due on the outstanding bonds, and prays that the policy be decreed to be the property of the receiver, and entitled to all the rights of the trustee under the mortgage.

The petitioner further prays that it be authorized to borrow the amount of the premium now due, if the same can be done, from the Equitable Life Assurance Society of the United States and to pledge said policy as security therefor, applying the amount of the loan on the premium due; that if the court deem it unwise to borrow the amount of said premium, for the purpose of continuing said policy, then petitioner prays that it be authorized to either arrange for the surrender of the policy, receiving the surrender value in cash, or to assign said policy to any creditor or creditors of the hotel company, who may desire to purchase the same.

The general averments of the petition are admitted by the trustee in his answer, but avers that the insurance policy is held by him, as trustee, for the holders of the mortgage bonds, and that neither by the terms of the mortgage nor by the decree of court appointing the receiver did the policy of insurance become the property of the receiver. The trustee avers that he opposes paying any further premiums on the policy and desires to accept the cash surrender value, and insists that it be paid to him as trustee. At the same time, he offers to assign the policy to the trustee under the second mortgage upon payment to him of the cash surrender value. He also avers that if the policy were given to the receiver, its judgment as to the surrender thereof would be substituted for that of the trustee, contrary to his rights under the mortgage.

A distinct issue is thus raised between the receiver and the trustee as to the possession and right of the policy of insurance. I have little difficulty in deciding the legal question involved. The insurance policy is not included, either in the bill or in the de-

cree. It is clear, under the terms of the mortgage, that the policy is held by the trustee as additional security as collateral, for the payments of the bonds. The law is well settled that the holder of an obligation, with collateral, cannot be compelled to surrender the collateral until the obligation is paid. In this case, it is plain that the policy is a trust fund for the bondholders, for which the trustee is responsible, and for which he must account. The rights of the receiver can rise no higher than the company which he represents, and the hotel company could have no possible right to the policy as long as any bonds remain unpaid. The receivership created under the bill was a limited, not a general, receivership. Its purpose was to protect and operate the mortgaged property pending the foreclosure and to segregate the rents and profits for the benefit of the trustee and the bondholders. Neither the bill nor the decree contemplate the appointment of a receiver to collect all the assets of the hotel company, wherever situated, and to hold them for the creditors secured and unsecured. The trustee must eventually apply the proceeds of the policy towards the payment of the bond, which, on final accounting, will be done under order of the court. This fund specifically set aside for a special purpose might be seriously depleted if the receiver were permitted to borrow against the policy to continue it in force. The trustee is the special representative of the bondholders and in him was vested the discretionary powers of continuing the policy by the payment of premiums or surrendering it upon the payment of its cash surrender value. This exercise of discretion is a very valuable right, and I see nothing in the bill, or the decree appointing a receiver, which divests the trustee of this right. The decisions of the courts, I think, are in entire harmony with the principles herein announced. Brackett v. Middlesex Banking Co., 89 Conn. 645, 95 A. 12, 15; Risk v. Kansas Trust & Banking Co. (C. C.) 58 F. 45; Kennison v. Kanzler (C. C. A.) 4 F.(2d) 315; Chicago Title & Trust Co. v. Smith, 158 Ill. 417, 41 N. E. 1076.

The case of Brackett v. Middlesex Banking Co., supra, discusses the general proposition herein involved very fully. The court said: "When a debtor has deposited collateral with a trustee as security for the payment of his debt, the trustee cannot be compelled to surrender to receivers of the insolvent debtor the collateral until the debt is paid. And after default, if the trust be one to apply the proceeds of the collateral for the benefit of the secured creditor, the trustee is entitled to administer the trust as against the receivers of the insolvent."

It is further stated by the court: "When the trustee is carrying out the trust it may not limit the exercise by the trustee of his powers under his trust agreement; it may restrain an abuse of his power, but it cannot control the exercise of the legal discretion vested in him under the trust agreement."

Being satisfied that the trustee is entitled to the policy, for whose benefit and those he represents the policy was taken out and assigned, and that he, alone, is entitled to exercise the discretion vested in him under the terms of the mortgage, the petition of the receiver must be dismissed.