GERSON, BEESLEY & HAMPTON, Inc., v.
SHUBERT THEATRE COR-
PORATION et al.

District Court, S. D. New York.
May 24, 1934.

Wickes & Neilson, of New York City, for complainant.

Cravath, De Gersdorff, Swaine & Wood, of New York City, for receivers.

CAFFEY, District Judge.

The facts are agreed on. Nevertheless, perhaps examination of what was said at the oral arguments would assist in understanding the situation (Minutes of March 30, 1934, pp. 49–58, 72–77; Minutes of April 9, 1934, pp. 98–105).

Additional corporation income taxes are owing to the United States. Without interest since they were assessed, these aggregate $85,590.96. Corporation franchise taxes are owing to the state of New York. Without interest included, these aggregate $67,014.-04.

The taxes due the United States were assessed against Shubert Theatre Corporation only (hereinafter called the corporation). Of those due the state some were assessed against the corporation and some against its subsidiaries or affiliates (Receiver's Report No. 15, pp. 37, 38). For the present purpose, however—for a reason which will appear later—the difference, as to whether the taxes are owing by the corporation itself or by its subsidiaries or affiliates, may be disregarded.

It is to be noted also that fixing the exact amount owing on all accounts either to the United States or to the state has been reserved for future hearing, on notice to the purchaser of the corporation's property at the receiver's sale (April 9 Minutes, pp. 103, 104).

The entire fund in the receiver's hands available to meet the taxes involved is approximately $21,000. This is so much less than what is owing to either claimant that, with the view to passing on the controversy, it is sufficient to take a single example of what is due to each.

The federal taxes were for the fiscal years 1926 and 1927. The amount for 1926 exceeds $71,000. This was assessed August 24, 1929, and the assessment list therefor was received by the collector August 27, 1929. The state taxes were for various years from 1926 to 1931. The amount against the corporation for 1928 was upwards of $25,000. This was assessed November 1, 1928 (cf. Carey v. Minor C. Keith, Inc., 250 N. Y. 216, 164 N. E. 912). Payment in full of the 1926 federal tax or the 1928 state tax would absorb the whole of the $21,000 held by the receiver. It will be enough, therefore, to determine the contest as between the $71,000 claim of the United States and the $25,000 claim of the state. As I read their briefs, the litigants concur in the selection of these particular illustrations as furnishing a fair criterion.

In accord with section 3186 of the Revised Statutes as amended by the Act of May 29, 1928, chapter 852, § 613 (45 Stat. 875, 26 USCA § 115), the 1926 taxes of the United States became a lien on all the real and personal property of the corporation from the time the list was received by the collector, which was on August 27, 1929. On the

other hand, by virtue of section 219-c of the Tax Law (Consol. Laws, c. 60), the 1928 taxes of the state became a lien on all the real and personal property of the corporation from the date of the assessment (cf. Carey v. Minor C. Keith, Inc., supra), which was on November 1, 1928. It is clear, therefore, that if the question of priority, as between the two governments, depend on the comparative dates when their respective liens on the property of the corporation had their inception, then the state comes ahead, because it is conceded that the $21,000 proceeds of sale of the property now held by the receiver stand in the place of the property.

Up to this point it seems to me there is no room for dispute, and I believe there is no dispute, between the parties.

■ The United States, however, insists that the issue does not turn on which lien, if general only, first attached. Its position is—certainly save where the lien has become "specific"—that in case of an insolvent taxpayer a priority over the state is given to the United States by section 3466 of the Revised Statutes (31 USCA § 191); and, in the respect stated, I think that the Supreme Court of the United States has settled, or has laid down governing principles which settle, that the contention is correct. Spokane County v. United States, 279 U. S. 80, 49 S. Ct. 321, 73 L. Ed. 621; New York v. Maclay, 288 U. S. 290, 53 S. Ct. 323, 77 L. Ed. 754.

■ Precisely when the corporation became insolvent is not shown by the stipulation nor is it brought out in the record. Nevertheless, the proceedings in the receivership case, which may be judicially noticed (Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 38, 14 S. Ct. 4, 37 L. Ed. 986; Bienville Water Supply Co. v. Mobile, 186 U. S. 212, 217, 22 S. Ct. 820, 46 L. Ed. 1132; In re Bennett (D. C.) 84 F. 324, 327), demonstrate incontrovertibly that insolvency existed as far back as the date receivers were appointed. That was on October 20, 1931. From then the United States has had a preference (Price v. United States, 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373; Hatch v. Morosco Holding Co. (C. C. A.) 61 F. (2d) 944), unless it be established that the state has some superior right which came into being earlier and still persists.

The state asserts that it has such a superior right. It relies on a claim of lien. It says that preceding the receivership—and indeed as far back as November 1, 1928—a specific lien in its favor began and that this has never lapsed. Whether that be so is, therefore, the inquiry to which we are brought.

■ That the liens on the corporation's assets given to the United States by section 3186 of the Revised Statutes and to the state by section 219-c of the Tax Law were inchoate or general only, and not perfected or specific, is manifest from mere reading of the statutes themselves. So far as I have discovered, the sole method prescribed by the law of New York for making a lien specific, in a case like that under consideration, is for the sheriff of a county where corporate property is located to levy on it a warrant issued by the State Tax Commission. This is true by force of section 219-e of the Tax Law, which provides that the warrant is a lien upon the property levied on by the sheriff from the time of an actual levy. Here the exclusive method for rendering the state's lien specific was never resorted to. Not alone was there never an actual levy, but not even a warrant directing a levy was ever issued. In consequence, the state did not preceding October 20, 1931, or at any time acquire a specific lien.

The lien of the state never having become specific and insolvency of the corporation having occurred, it follows, as I see it, that the United States is entitled to priority for its 1926 taxes over the state of New York for its 1928 taxes. Settle order on two days' notice.