### In re JAMES BUTLER GROCERY CO.
#### No. 31619.

District Court, E. D. New York.
March 21, 1938.

994

Rabenold, Scribner & Miller, of New York City (Charles E. Scribner, of New York City, of counsel), for Harry Zalkin, trustee.

Milo R. Kniffen, of Cobleskill, N. Y. (Louis S. Wallach, of Brooklyn, N. Y., of counsel), for the Department of Agriculture and Markets.

MOSCOWITZ, District Judge.

James Butler Grocery Company was duly adjudged a bankrupt, and a proof of claim was duly filed on behalf of the Department of Agriculture and Markets of the state of New York in the sum of $1,-238.43. A motion was thereafter made by the trustee in bankruptcy to disallow the claim on the theory that it represented a penalty or forfeiture without any pecuniary loss within the meaning of section 57j of the Bankruptcy Act, 11 U.S.C.A. § 93(j), which provides as follows: "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

The motion to disallow and expunge the claim was granted by the referee, and this matter comes before the court upon a petition by the Department of Agriculture and Markets to review and vacate the order and decision of the referee.

The facts upon which the claim for $1,238.43 arose are not disputed. The bankrupt purchased milk from Dairy Sealed, Inc., and received an unlawful discount or rebate in the sum of $2,738.43. Thereafter, the bankrupt, being a licensed milk dealer under the Milk Control Law of the state of New York, N. Y. Agriculture and Markets Law (Consol.Laws, c. 69), § 252 et seq., received notice of a hearing from the Department of Agriculture and Markets to consider the revocation of its milk dealers' licenses. An interchange of letters followed in which the bankrupt announced its decision to pay to the state the amount of the discount or rebate referred to above, and requested the privilege of paying the sum in installments, since it had just been discharged from proceedings under section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207 and note. The Department acquiesced in this mode of payment, and stated that the proposed hearing would be indefinitely postponed and would not be held provided the payments were made as agreed. The sum of $1,500 had been paid under this arrangement when bankruptcy occasioned the present problem as to the remaining $1,238.43.

Without determining at this time whether the Milk Control Law gave the Commissioner of Agriculture and Markets the power to demand payment to the state of the amount of any unlawful discount or rebate as a condition for not suspending or revoking a license (cf. N. Y. Agriculture and Markets Law, § 258-c; Matter of Karsten Dairies v. Baldwin, 3d Dept., 243 App.Div. 656, 276 N.Y.S. 659, appeal dismissed, 269 N.Y. 566, 199 N.E. 674; Matter of Muller Dairies v. Baldwin, 3d Dept., 242 App.Div. 296, 274 N.Y.S. 975; Matter of Grandview Dairy, Inc. v. Baldwin, 3d Dept., 239 App.Div. 640, 269 N.Y. S. 116), it is sufficient to say that the payments to be made by the bankrupt herein were penalties within the meaning of section 57j of the Bankruptcy Act. The agreement to pay $2,738.43 was not a simple contract as that is ordinarily understood, but was a payment coerced by the fear of the sovereign's power to revoke the license, which payment the sovereign, in the exercise of its beneficence, consented to have paid in convenient installments. The state had sustained no pecuniary loss by virtue of the bankrupt's acts, except such as one might remotely conjecture. In effect what happened was the relinquishment by the bankrupt of that which it had obtained by its wrong and the acceptance of the same by the state in atonement therefor. The fact that the end was reached in a friendly way without administrative or judicial hearing does not alter the fact that the only justification on the part of the state

for accepting the payment in this instance was the state's power to exact a penalty for violation of its mandate. The absence of pecuniary loss for which the state should be reimbursed brings the case clearly within section 57j of the Bankruptcy Act. In re Caponigri, D.C.N.Y., 193 F. 291; Matter of Weber, 212 N.Y. 290, 106 N.E. 58; cf. In re Abramson, 2 Cir., 210 F. 878.

The motion to vacate the order and decision of the referee is denied.

Settle order on notice.