**In re THRIFT PACKING CO., Inc.**

Bankr. 4280.

United States District Court
N. D. Texas, Dallas.

Oct. 26, 1951.

Johnson & Rembert, Dallas, Texas, for the Bankrupt.

Ungerman, Hill & Ungerman, Dallas, Texas, for the petitioning Creditors.

Frank B. Potter, U. S. Dist. Atty., Tom M. Shaw, Asst. U. S. Dist. Atty., Dallas, Texas, for United States.

ATWELL, Chief Judge.

The bankrupt was adjudicated and appealed, and such adjudication was affirmed. 5 Cir., 191 F.2d 113.

The United States filed a claim before the Referee for allowance, in the sum of $2,471.15, as liquidated damages, accrued to the United States by reason of the bankrupt's failure to pay overtime compensation, and knowingly employing child labor contrary to the Walsh-Healey Act of June 30, 1936, 41 U.S.C.A. § 35 et seq. It later filed the same claim, leaving out the phrase, "liquidated damages," and merely alleging that the bankrupt is "justly and truly indebted to the United States in said sum."

Attached to that claim is a certificate from the Comptroller-General of the United States, claiming that said amount "is due the United States for Liquidated Damages arising by reason of breaches of contracts and violations of the representations and stipulations required by the Walsh-Healey Act of June 30, 1936, in the performance of certain contracts dated June 21, 1947 and May 19th, 1947, as respectively set forth

908

in the decision rendered by the Acting Administrator of said Act, * * * dated December 8th, 1950."

█ The Referee denied the proof of the claim on the ground that it is, and, was, a penalty within the meaning of Sec. 57, sub. j of the National Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, as follows:—"Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law."

It will be noted that no suit was brought against the bankrupt for the establishment of a judgment. The amount was merely found by an examiner.

This matter was before this court, in some of its features, in United States v. Lovknit Mfg. Co. Inc., 5 Cir., 189 F.2d 454, and the action of this court in denying the recovery sought by the plaintiff was affirmed. That recovery was denied on the ground that the action had not been brought before it was barred.

In the well considered opinion by Circuit Judge Sibley, he points out the fact that the amount claimed under this particular Act, is not for the United States, but for the employees who were not paid such wages as the Wage and Hour and Walsh-Healey Act required. That is patent from the face of the latter Act because the employees have a right to the amounts so considered, provided they claim it within one year.

The government, however, is barred by the statute of limitation in that Act from bringing a suit after the time specified therein.

The question, which is somewhat troublesome, is whether the words, "penalty, or, forfeiture," may be so defined as to include this particular matter. The courts have spoken more, or, less about it. Sec. 1064, page 783 of Gilbert's Collier on Bankruptcy, 4th Edition, treats of it and cites authorities; again in Sec. 1248, page 969.

The exception to this statute seems, also, to be well marked as shown in Commonwealth of Kentucky v. Farmers Bank, 6 Cir., 139 F.2d 266; In re James Butler Grocery Co., D.C., 22 F.Supp. 993. Where a lien has been created by either a state, or, federal statute, see United States v. State of California, 9 Cir., 100 F.2d 979. That case calls attention to the fact that the trustee takes the property of the bankrupt subject to all liens which would have been enforcible against the property in the hands of the bankrupt.

If we think very carefully we will note that the bankrupt owed the United States nothing. It was not indebted to the United States. The United States merely had the exclusive right to bring a suit against it for liquidated damages for an alleged violation of an United States law. The recovery under which, if had, would be for the benefit of the employees, Provided They Appeared Within a Certain Time.

█ Penalty is punishment inflicted by law for its violation. A punishment imposed by law for doing, or, failing to do something that it was the duty of the party to do. For the non-performance of an act, or, the performance of an unlawful act. Penalty and forfeiture are generally used as synonyms, though forfeiture is usually the taking of money, or, goods. While they may mean the same thing, because forfeiture is usually a penalty, a penalty is not necessarily a forfeiture.

█ The interested party here is the sovereignty, which legislatively declares certain working hours, as well as certain ages for such workers and declares its right to recover in its own name what are denominated Liquidated Damages, when, as a matter of fact, the sovereignty has not been damaged. It is the employee who has been damaged. Yet the employee may not sue. See also Cohen v. Berkman, 130 Miss. 725, 225 N.Y.S. 135; Graves v. Fitzpatrick, 127 Okl. 124, 200 P. 10; Miller v. Bopp, 136 La. 788, 67 So. 831; Fontenot v. Accardo, 5 Cir., 278 F. 871.

I am convinced that the Referee was correct in refusing proof of the claim.